UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HENRY ROBERTSON BARRETT,<br><br>                        Plaintiff,<br><br>v.<br><br>THE ARENA GROUP HOLDINGS, INC., et al.,<br><br>                        Defendants. | 24-CV-673 (DEH)<br><br>ORDER |

DALE E. HO, United States District Judge:

On May 7, 2024, the Court held an initial pretrial conference. For the reasons discussed at the conference, it is hereby **ORDERED:**

Plaintiff shall file a letter-motion seeking leave to amend the complaint, ECF No. 8, by **May 10, 2024**. Pursuant to the Court's Individual Rules and Practices in Civil Cases, Plaintiff shall file, as attachment to the letter-motion, a redline showing all the differences between the operative complaint and the proposed amended complaint. By **May 17, 2024**, Defendants shall file a joint letter in response stating whether Defendants consent to or oppose Plaintiff's motion. Such a letter shall also indicate whether, if leave is granted, Defendants will rely on their previously filed motions to dismiss or file new motions to dismiss.

Defendants' request for a stay of discovery pending resolution of their partial motions to dismiss (ECF Nos. 25, 29) is **GRANTED in part and DENIED in part**. Discovery related to the defamation claim is **STAYED**. Discovery related to all other claims shall proceed in accordance with the case management plan and scheduling order, which will be issued separately.

District courts enjoy "broad discretion to direct and manage the pre-trial discovery process." *Farzan v. Bridgewater Assocs., LP*, 699 F. App'x 57, 58 (2d Cir. 2017).[1] "A court determining whether to grant a stay of discovery pending a motion [to dismiss] must look to the particular circumstances and posture of each case." *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018). "Courts should consider multiple factors, including the breadth of discovery sought, the burden of responding to it, the prejudice that would result to the party opposing the stay, and the strength of the pending motion forming the basis of the request for stay." *Id.*

As discussed during the conference, the partial motions to dismiss (ECF Nos. 25, 29) are focused primarily on the defamation claim. All parties acknowledge that some discovery is inevitable in this case. The Court therefore sees no basis for staying all discovery at this time. But discovery on Plaintiff's defamation claim—which the parties stated would involve at least some claim-specific witnesses—need not proceed at this time. Courts in this district have held that "Plaintiff cannot use discovery as a tool to plausibly plead his defamation claim. He must state a plausible claim capable of surviving a motion to dismiss to 'unlock the doors of discovery.'" *Coral Crystal, LLC v. Fed. Ins. Co.*, No. 17 Civ. 1007, 2021 WL 84308, at *6 (S.D.N.Y. Jan. 11, 2021) (quoting *Squicciarini v. Village of Amityville*, 2019 WL 2191371, at *2 (E.D.N.Y. May 21, 2019)); *accord Murphy v. Onondaga Cnty.*, No. 18 Civ. 1218, 2022 WL 819281, at *16 (N.D.N.Y. Mar. 18, 2022). Finally, there is a lack of prejudice to Plaintiff caused by a partial stay of discovery. Plaintiff's written and oral submissions do not establish that he would suffer any prejudice by waiting for a decision on Defendants' partial motions to dismiss before taking discovery on the defamation claim, if such claim survives Defendants' motions.

---

[1] In all quotations from cases, citations, footnotes, parenthesis, ellipses, brackets, and emphasis are omitted unless otherwise indicated.

SO ORDERED.

Dated: May 7, 2024
New York, New York

                                                  DALE E. HO
                                  United States District Judge