



**Joshua A. Hawks-Ladds**
90 State House Square
Hartford, CT 06103-3702
p   860 541-3306
f   860 424 4370
jhawks-ladds@pullcom.com
www.pullcom.com

**VIA ECF**

May 9, 2024

The Honorable Dale E. Ho
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

RE:  *Barrett v. The Arena Group Holdings, Inc., et al.*
Case No. 1:24-cv-00673-DEH
Plaintiff's Request to Amend Complaint

Dear Judge Ho:

In accordance with the Court's order of May 7, 2024, the Plaintiff hereby submits this Letter Motion requesting to amend his Complaint as follows:

(1) Remove the references to the Fair Labor Standards Act (FLSA) from Paragraphs 5, 7; and Count 3 Paragraphs 71, 72, 75, 76; and Count 4 Paragraphs 77, 80, 82, 83 and the titles to those counts.  The references to the FLSA should be removed because the FLSA does not apply to exempt employees like Mr. Barrett.

(2) Remove the Fifth Count against Manoj Bhargava that sounds in Breach of the Duty of Good Faith and Fair Dealing and replace that Count with a claim against Mr. Bhargava sounding in tortious interference with Mr. Barrett's contracts with The Arena Group.

As the Court is aware, amendments to pleadings should be liberally granted, especially at this stage of the proceedings.  Rule 15(a) of the Federal Rules of Civil Procedure provides that the "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).  The "liberality in granting leave to amend applies to requests to amend a complaint to add new parties." *Brown v. Kelly*, 244 F.R.D. 222, 227 (S.D.N.Y. 2007), aff'd in part, vacated in part on other grounds, 609 F.3d 467 (2d Cir. 2010). In interpreting Rule 15(a), the Second Circuit has explained that "district courts should not deny leave unless there is a substantial reason to do so, such as excessive delay, prejudice to the opposing party, or futility." *Friedl v. City of New York*, 210 F.3d 79, 87 (2d Cir. 2000); see also *Block v. First Blood Assocs*., 988 F.2d 344, 350 (2d Cir. 1993) ("The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith.").

As this Court has explained, there is a well-established "presumption in favor of granting leave" to amend under Rule 15(a). See *Sigmund v. Martinez*, No. 06 CIV. 1043 RWS MHD, 2006 WL

**Pullman & Comley**

2016263, at *1 (S.D.N.Y. July 13, 2006) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)); see also *In re United Brands Co. Sec. Litig.*, No. 85 CIV. 5445 (JFK), 1990 WL 16164, at *2 (S.D.N.Y. Feb. 15, 1990) ("[T]he Court begins with the presumption that the motion should be granted unless good reason exists to deny it."). Given the presumption that granting leave favors the interests of justice, "it is rare that such leave should be denied, especially when there has been no prior amendment." *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991).

Here, Mr. Barrett's Amended Complaint will eliminate all references to the FLSA and a Breach of the Duty of Good Faith and Fair Dealing Claim as to Bhargava -- which all parties agree needs to occur.

Mr. Barrett also seeks to add a new claim of Tortious Interference of Contract as to Mr. Bhargava, with facts that are plead that amply justify the amendment. See Amended Complaint at Count 5. Those facts include a statement purportedly made by Bhargava to an Arena Group Board member that he will "never approve" the payout of severance in the amount set forth in the Employment Agreement – an amount that Mr. Barrett is entitled to be paid. See Amended Complaint at Count 5, Para 86. Under New York law, the elements of a tortious interference with contract claim are "(a) that a valid contract exists; (b) that a `third party' had knowledge of the contract; (c) that the third party intentionally and improperly procured the breach of the contract; and (d) that the breach resulted in damage to the plaintiff." *Finley v. Giacobbe*, 79 F.3d 1285, 1294 (2d Cir.1996) (citing *Israel v. Wood Dolson Co.*, 1 N.Y.2d 116, 120, 134 N.E.2d 97, 99-100, 151 N.Y.S.2d 1, 5 (1956); *Kaminski v. United Parcel Serv.*, 120 A.D.2d 409, 412, 501 N.Y.S.2d 871, 873 (1st Dep't 1986)). See also, *Kirch v. Liberty Media Corp.*, 449 F.3d 388, 401 (2nd Cir. 2006); *Iacono v. Pilavas*, 125 A.D.3d 811, 4. N.Y.3d 250, 252 (2nd Dept. 2015); *Lama Holding v. Smith Barney*, 88 N.Y.2d 413, 424 (1996); *Finley v. Giacobbe*, 79 F.3d 1285, 1294 (2nd Cir. 1996).

Given the lack of undue prejudice to the defendants of adding a single, new, related allegation that is fully supported by the facts, and when discovery has not even commenced, allowing amendment of the Complaint is entirely in keeping with the liberal amendment policies of the Federal Rules of Civil Procedure as interpreted by the Second Circuit.

A redlined Amended Complaint is attached hereto. Thank you for your consideration.

Respectfully submitted,

/s/ Joshua A. Hawks-Ladds
Joshua A. Hawks-Ladds (JH3306)
*Counsel for Plaintiff H. Robertson Barrett*

cc:  All counsel of record (via ECF)
enc. Amended Complaint

**PULLMAN & COMLEY**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of May, 2024, a copy of the foregoing was served on counsel of record for all Parties via electronic filing on:

Kerstin M. Miller, Esq.
Adam M. Meehan, Esq.
Smith & Downey, p.a.
320 E. Towsontown Blvd., Suite 1E
Baltimore, MD 21286
kmiller@smithdowney.com
ameehan@smithdowney.com

Eric Pelton, Esq.
Lauren Walas, Esq.
Kienbaum Hardy Viviano Pelton & Forrest, P.L.C.
280 N. Old Woodward Avenue, Suite 400
Birmingham, MI 48009
epelton@khvpf.com
lwalas@khvpf.com

/s/ Joshua A. Hawks-Ladds
Joshua A. Hawks-Ladds

The Court is in receipt of Plaintiff's letter-motion. By **May 17, 2024**, Defendants shall file a letter in response stating whether Defendants consent to or oppose Plaintiff's motion. Such a letter shall also indicate whether, if leave is granted, Defendants will rely on their previously filed motions to dismiss or file new motions to dismiss.

The Clerk of Court is respectfully requested to close ECF No 44.

SO ORDERED.

Dale E. Ho
United States District Judge
Dated: May 10, 2024
New York, New York

Active/85013.1/JAH/15351541v1