UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HENRY ROBERTSON BARRETT,

                 Plaintiff,

        v.

THE ARENA GROUP HOLDINGS, INC.,
et al.,

                 Defendants.

24-CV-673 (DEH)

ORDER

DALE E. HO, United States District Judge:

On May 7, 2024, the Court held an initial pretrial conference. Plaintiff filed a letter-motion seeking leave to amend the complaint on May 9, 20204.  *See* ECF No. 44.  In essence, Plaintiff seeks (1) to abandon his claims under the Fair Labor Standards Act and his claim against Defendant Bhargava for breach of duty of good faith and fair dealing; and (2) to add a claim against Defendant Bhargava for tortious interference with contract.  Defendants filed a joint letter in response to Plaintiff's motion on May 17, 2024.  *See* ECF No. 46.  Defendants do not oppose Plaintiff's request to abandon claims, but they do oppose his request to add a tortious interference claim.  *Id.*

The Federal Rules of Civil Procedure provide that "a party may amend its pleadings . . . [with] the court's leave[,]" and the "court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Motions for leave to amend "should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party."  *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008).  Leave to amend may be denied if "amendment would be futile."  *Chunn v. Amtrak*, 916 F.3d 204, 208 (2d Cir. 2019) (citing *Tocker v. Philip Morris Cos.*, 470 F.3d 481, 491 (2d Cir. 2006)).

"To state a contract-interference claim under New York law, a plaintiff must demonstrate the existence of a valid contract, the defendant's knowledge of the contract's existence, that the defendant intentionally procured a contract breach, and the resulting damages to the plaintiff." *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 547 F.3d 115, 124-25 (2d Cir. 2008).  Where the employment contract is terminable at will, which is the case here, ECF No. 46, Plaintiff must also show that Defendant Bhargava employed "wrongful means" to affect the termination of employment.  *Murray v. SYSCO Corp.*, 273 A.D.2d 760, 710 N.Y.S.2d 179, 181 (N.Y. App. Div. 2000); *accord Maumud v. Kaufman,* 607 F.Supp.2d 541, 561 (S.D.N.Y. 2009).  "[A]s a general rule, the defendant's conduct must amount to a crime or an independent tort."  *Carvel Corp. v. Noonan*, 785 N.Y.S.2d 359, 818 N.E.2d 1100, 1103 (N.Y. 2004).  This may include "by fraud or misrepresentation."  *Id.*  Particularly when the contract in question involves at-will employment, "[c]ourts are disinclined to find tortious interference . . . unless [plaintiff] can show that fraudulent or criminal activity was used."  *Barbagallo v. Marcum LLP*, 820 F. Supp. 2d 429, 444 (E.D.N.Y. 2011).  When the general rule of tortious conduct is not satisfied, the party bringing the claim may still prevail by establishing that the defendant acted "for the sole purpose of inflicting intentional harm on plaintiffs" or possibly with "extreme and unfair economic pressure."  *Carvel Corp.*, 785 N.Y.S.2d 359, 818 N.E.2d at 1103, 1105.

Here, Plaintiff's proposed amended complaint alleges that Defendant Bhargava tortiously interfered with Plaintiff's contract with Arena Group "by directing Arena Group to terminate Barrett without Board approval in contravention of Arena's by-laws and Delaware law." Proposed Amendment ¶ 85, ECF No. 44-1.  Plaintiff further alleges that Defendant Bhargava stated he would "never approve" the severance payout.  *Id.* ¶ 86.  Because there has not been any prior amendment, and given the "liberality in granting leave to amend," the Court grants Plaintiff's leave to amend his complaint, *Brown v. Kelly*, 244 F.R.D. 222, 227 (S.D.N.Y. 2007).

In interpreting Rule 15(a), the Second Circuit has stated, "district courts should not deny leave unless there is a substantial reason to do so, such as excessive delay, prejudice to the opposing party, or futility." *Friedl v. City of New York*, 210 F.3d 79, 87 (2d Cir. 2000).

Accordingly, the Court **GRANTS** Plaintiff's leave to amend his complaint. Plaintiff shall file the amended complaint by **May 31, 2024**.

In Defendants' May 17, 2024 letter, Defendant Bhargava represented that, should the Court grant leave to amend, he intends to file a motion to dismiss Plaintiff's tortious interference claim. *See* ECF No. 46. Defendant Bhargava's Memorandum of Law in support of such motion shall be limited to **10 pages**; Plaintiff's Opposition shall also be limited to **10 pages**; and Defendant Bhargava's Reply shall be limited to **5 pages**.

SO ORDERED.

Dated: May 23, 2024
      New York, New York

_____
                DALE E. HO
        United States District Judge